UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

IN RE:

RANDALL GENE ANDERSON                              Chapter 13
BETTY JEAN ANDERSON

    Debtors.                              Bankruptcy No. 09-02142S


MEMORANDUM DECISION
CONFIRMATION OF MODIFIED PLAN FILED 11/13/09

Debtors Randall and Betty Anderson seek confirmation of their second modified plan filed on November 13, 2009 (doc. 36). The trustee objected to confirmation. Hearing was held December 14, 2009 in Sioux City. Donald H. Molstad appeared as attorney for Andersons. Carol F. Dunbar, the chapter 13 trustee, appeared on her own behalf. This is a core proceeding under 28 U.S.C. § 157(b)(2)(L).

Randall Anderson is employed as a veterinarian with LeMars Vet Clinic; Betty Anderson is employed as a salesperson and service representative with Vet Pharm, Inc. in Sioux Center, Iowa. The couple lives in LeMars. They have two children, a son age 17, and a daughter age 13 (doc. 38, schedule I). Andersons filed their chapter 13 petition on July 28, 2009. In their amended schedule I, and consistent with previously filed current income schedules, Andersons showed combined average monthly income of $5,725.86 (doc. 38). Their amended schedule J shows average monthly expenses of $5,128.63 (doc. 38). Their most recently calculated monthly net income was, therefore, $597.23 (doc. 38). The couple's form 22C showed monthly disposable

income of $936.84 (doc. 1). However, Andersons' lawyer explained that the actual monthly disposable income was lower because Betty Anderson took a 25 per cent pay cut to retain her job, and therefore actual monthly income was lower than current monthly income as calculated pursuant to 11 U.S.C. § 101(10A) (doc. 1, form 22C). The trustee accepts this justification.

In their modified plan, Andersons propose three monthly payments to the trustee of $372.23 and 114 semimonthly payments of $298.62 for total payments to the trustee of $35,159.37 (doc. 36). The 114 payments are equal to 57 monthly payments of $597.24. Andersons also propose to pay to the trustee any additional "disposable income."

From the total of periodic payments, the trustee would take her trustee's fee of $3,196.31 and pay Andersons' attorney's fees of $1,684.00. The trustee would also pay all priority tax claims. The Internal Revenue Service filed a priority claim of $5,397.73 on September 25, 2009 (claim no. 7) for 2003 and 2008 income taxes. The Nebraska Department of Revenue filed a priority claim of $1,637.16 on September 16, 2009 (claim no. 4) for 2005 income taxes.[1] The Iowa Department of Revenue and Finance filed a priority claim of $524.79 (claim no. 12) for 2008 income taxes. The three priority tax claims total $7,559.68.

Nonetheless, Andersons' plan proposes to pay the IRS

---

[1] Nebraska filed its claim as a general unsecured claim and contends that the debt is nondischargeable under 11 U.S.C. § 523(a)(1)(B)(ii), but it appears also to be a priority claim under § 507(a)(8)(A)(ii).

2

$11,272.73, Nebraska $1,989.16, and Iowa $524.79, for total priority claims of $13,786.68. Andersons disagree that the priority claims filed by the taxing authorities are correct. They contend that the plan's payment figures are correct because Andersons, prior to their filing bankruptcy, had not filed all required tax returns. Having now filed them, they have used the returns to propose payment of priority tax amounts. Andersons' amended schedule E shows 2004 income taxes due to the IRS and to Nebraska in the amounts of $5,875.00 and $352.00 respectively (doc. 38, p. 1).

Andersons propose to pay Iowa State Bank regular monthly payments on the full amount of its claim which is secured by a Dodge Ram pickup truck.[2] They propose that the trustee will pay Union Bank & Trust the value of a Chevy Trailblazer automobile over five years at 7 per cent interest. Andersons assert that the value of the Trailblazer is $8,070.00, and that monthly payments by the trustee will be $159.80. Andersons are not prevented from determining the amount of the secured claim by valuing the vehicle. Andersons purchased the car with the bank loan in 2005, and therefore the hanging paragraph following 11 U.S.C. 1325(a)(9) does not apply.

---

[2] The modified plan shows the regular monthly payment on the vehicle is $484.69. Amended schedule J, line 13a confirms that amount (doc. 38). It is unclear to the court why this is so. Bank's proof of claim (no. 3) shows monthly payments of $351.70 through January 2012, and a final payment in February 2012 of $350.51. Andersons' amendment to their statement of affairs, question 3(a) shows that the three payments to Bank prior to bankruptcy were each $351.70. The modified plan says there is no arrearage (doc. 36, section 6).

The above payments, allowing payment of the priority claims as filed, leave $13,131.38 for distribution to creditors having allowed unsecured claims. If taxing authorities amend their priority claims based on Andersons' late tax returns, the distribution to unsecured creditors would be $6,904.88. If Andersons were governed by their historic disposable monthly income, the projected disposable income necessary to pay unsecured creditors over the applicable period would be $54,526.40. However, no creditor has objected to the modified plan. The trustee had objected on the grounds that the payments to her were delinquent and that it was unclear that the period of the plan was 60 months. By the time of the hearing, Andersons were current on their plan payments, and they agreed at the hearing that the plan's duration was 60 months. The trustee therefore withdrew her objection and now recommends confirmation.

On November 13, 2009, Andersons amended not only schedules I and J, but also schedules B, C, E, and their statement of financial affairs (doc. 38). Their amendment to schedule B(25) for the first time disclosed their possession of a third automobile, a 2001 Olds Aurora valued at $4,200.00. They stated in the amendment: "car in our name but belongs to son" (doc. 38, p. 1). The only other reference to the car in the schedules is in Andersons' schedule of creditors holding unsecured nonpriority claims (doc. 1, schedule F). It shows that Randall Anderson is a co-signer with his son on the automobile loan from Iowa State Bank. Bank filed a proof of its secured claim on the Andersons'

4

loan for their 1997 Dodge Ram pickup truck (claim no. 3).  A notation by Bank on the claim form states: "Randall is coborrower on son's auto loan, which is current.  This is not included in information" [on claim form] (claim no. 3, p. 1).

At the confirmation hearing, the court questioned Randall Anderson, although not under oath, and learned that since the filing of the bankruptcy in July 2009, Andersons have been paying Iowa State Bank the $160.00 per month payment on the car loan which Randall had co-signed for his son.

Andersons consider that the vehicle belongs to their son, and they have not treated the claim of the Iowa State Bank as secured by property of the estate.  Indeed, they treat Bank as an unsecured creditor on this debt.  They have not made any attempt in their plan to disclose that they are providing special treatment of Randall's debt to the Bank on that loan.  Monthly payments in full by Andersons on the co-signed car loan constitute discriminatory treatment among unsecured creditors in violation of 11 U.S.C. § 1322(b)(1).  Therefore, the plan does not comply with provisions of Title 11 as necessary for confirmation under 11 U.S.C. § 1325(a)(1).  Also, I find and conclude that the surreptitious improved treatment of Bank's claim, to the detriment of other unsecured creditors, constitutes a bad faith filing of the plan.  For a plan to be confirmed, it must be proposed in good faith.  11 U.S.C. § 1325(a)(3).  A plan is not filed in good faith if, under the totality of the circumstances, debtors have mislead the court or unfairly

manipulated the Bankruptcy Code.  Noreen v. Slattengren, 974 F.2d 75, 76 (8th Cir. 1992); Banks v. Vandiver (In re Banks), 248 B.R. 799, 803 (B.A.P. 8th Cir. 2000), aff'd, 267 F.3d 875 (8th Cir. 2001).

Andersons assert they are paying their current monthly disposable income to make payments under the plan.  They do not explicitly show the monthly payment to Iowa State Bank on the co-signed loan.  They do not explain where the money is coming from to make the payment.  I find and conclude that the $160.00 monthly payment on the debt is additional disposable income which must be paid to the trustee.  The special treatment of the co-signed loan has not been justified and is not approved.

Also, the plan may not expressly provide for priority payments to taxing authorities in excess of their filed priority claims.  For the reasons stated herein,

IT IS ORDERED that confirmation of Andersons' modified plan filed November 13, 2009 is denied.

DATED AND ENTERED  December 18, 2009

William L. Edmonds, Bankruptcy Judge

6